(No. 3258—)

MABEL B. SALE, AS ADMINISTRATRIX OF THE ESTATE OF LLOYD B. SALE, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1938.*

GLENN, REAL & BROWNING, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Mabel B. Sale, as administratrix of the estate of Lloyd B. Sale, deceased, filed her complaint herein on May 7th, 1938, and alleges therein in substance:—

That on September 22d, 1937 claimant's intestate was driving his automobile in a southerly direction on McCormick

Blvd. in the Village of Niles Center in Cook County, Illinois; that at the same time the respondent, by one of its servants and agents, was driving its auto truck in a southerly direction on Main Street in said village, and was approaching the intersection thereof with McCormick Blvd.; that both of said streets are paved streets, and that they intersect at right angles in a suburban district of said village; that while claimant's intestate was driving across such intersection, in the exercise of all due care and caution, the respondent, through its said agent, so carelessly and negligently drove and operated its said truck into and across such intersection, that it ran into and collided with the automobile of claimant's intestate with great force and violence, and thereby inflicted injuries upon claimant's intestate from which he died on the same day; that said decedent left him surviving Mabel B. Sale, his widow, and William Lloyd Sale and Laura Muriel Sale Gregory, his children, as his next of kin; that by reason of the death of claimant's intestate, said next of kin have been deprived of their means of support; that claimant was duly appointed administratrix of the estate of said decedent by the Probate Court of Cook County, and asks for an award in the amount of $10,000.00.

The second count of the complaint is similar to the first, except that it alleges that the death of claimant's intestate was the result of the wilful and wanton acts and conduct of the respondent through its said agent.

The Attorney General has moved to dismiss the case upon the grounds that the State is not liable for the acts of its servants and agents under the doctrine of respondeat superior.

The complaint alleges that the truck of the respondent was loaded with concrete beams, concrete beam boxes, and other road-building materials, and that the driver thereof was acting within the scope of his employment. The legitimate inference to be drawn therefrom is that the employment of claimant's intestate was in connection with the construction or maintenance of the concrete highways of the respondent.

We have repeatedly held that the State in the construction and maintenance of its hard-surfaced highways is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the carelessness and negligence of its servants and agents, in the absence of a statute making it so liable. *McGready, et al.* vs. *State*, 9 C. C. R. 63;

*Royal* vs. *State,* 9 C. C. R. 67; *Tivnan* vs. *State,* 9 C. C. R. 495; *York* vs. *State,* 9 C. C. R. 472; *Crank* vs. *State,* 9 C C. R. 379; *Spurrell* vs. *State,* No. 2228, decided September Term, 1937; *Wolfe* vs. *State,* No. 3215, decided May Term, 1938.

The liability, if any, rests upon the negligent servant or agent, and not upon the State.

The question raised by the second count of claimant's complaint was squarely before this court in the case of *Garbutt* vs. *State,* No. 2246, in which an opinion on rehearing was filed at the September Term, 1937. In that case we held that if the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross negligence or the wanton acts of such servants and agents, in the absence of a statute making it so liable.

The rule announced in the Garbutt case was followed in the case of *Stanley* vs. *State,* No. 2697, decided November Term, 1937; and the case of *Durkiewiecz* vs. *State,* decided September Term, 1937.

Under the law as above set forth, we have no authority to allow an award, and therefore the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.